**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4602**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

THOMAS ALLEN SCOTLAND, a/k/a Vegas,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:18-cr-00049-FL-1)

Submitted: June 24, 2021                           Decided: July 15, 2021

Before NIEMEYER, WYNN, and HARRIS, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Dhamian Blue, BLUE LLP, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina; Banumathi Rangarajan, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Joshua L. Rogers, Assistant United States, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Allen Scotland pled guilty to one count of conspiracy to distribute and possess with the intent to distribute 28 grams or more of cocaine base and a quantity of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846, one count of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and three counts of distribution of cocaine base and aiding and abetting the same, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2. Scotland's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court complied with Fed. R. Crim. P. 11, whether Scotland's guilty plea was knowing and voluntary, and whether Scotland's 162-month sentence is reasonable. For the reasons that follow, we affirm Scotland's convictions, vacate his sentence, and remand for resentencing.

Prior to accepting a guilty plea, a court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant understands, the nature of the charges to which he is pleading guilty, any applicable mandatory minimum sentence, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). The court also must ensure that the defendant's plea is voluntary, supported by a sufficient factual basis, and not the result of force, threats, or extrinsic promises. Fed. R. Crim. P. 11(b)(2)-(3); *see United States v. DeFusco*, 949 F.2d 114, 119-20 (4th Cir. 1991).

Because Scotland did not move to withdraw his guilty plea in the district court or otherwise preserve any allegation of Rule 11 error, we review the plea colloquy for plain

2

error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). To establish plain error, Scotland "must show that: (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights." *United States v. Lockhart*, 947 F.3d 187, 191 (4th Cir. 2020) (en banc). In the guilty plea context, a defendant establishes that an error affected his substantial rights if he demonstrates a reasonable probability that he would not have pleaded guilty but for the error. *Sanya*, 774 F.3d at 816. The record reveals that the magistrate judge conducted a sufficient plea colloquy with Scotland.[1] Accordingly, we conclude that the magistrate judge did not plainly err in accepting Scotland's guilty plea.

We next turn to Scotland's sentence. The *Anders* brief does not identify any specific sentencing errors, but our review identified one reversible error regarding imposition of the conditions of supervised release. We review de novo whether the sentence imposed in the written judgment is consistent with the district court's oral pronouncement of the sentence. *United States v. Rogers*, 961 F.3d 291, 295-96 (4th Cir. 2020). "[I]n order to sentence a defendant to a non-mandatory condition of supervised release, the sentencing court must include that condition in its oral pronouncement of a defendant's sentence in open court." *United States v. Singletary*, 984 F.3d 341, 345 (4th Cir. 2021); *see Rogers*, 961 F.3d at 296-98. A district court may "expressly include [non-mandatory] conditions in its oral pronouncement at [a defendant's] sentencing hearing" or "incorporate by reference a condition or set of conditions during a hearing." *Singletary*, 984 F.3d at 345-46. We have

---

[1] Scotland consented to proceed before the magistrate judge for purposes of arraignment and for Scotland's guilty plea proceeding.

reviewed the record and conclude that the district court did not pronounce two non-mandatory conditions at sentencing: first, that "[t]he defendant shall not incur new credit charges or open additional lines of credit without approval of the probation office"; and second, that "[t]he defendant shall provide the probation office with access to any requested financial information." As these conditions were not orally pronounced at sentencing and "appear for the first time in a subsequent written judgment," Scotland "has not been sentenced to those conditions, and a remand for resentencing is required." *Id.* at 344.[2]

In accordance with *Anders*, we have reviewed the entire record and have found no other meritorious grounds for appeal.[3] Therefore, we affirm Scotland's convictions, vacate his sentence, and remand for resentencing.

This court requires that counsel inform Scotland, in writing, of the right to petition the Supreme Court of the United States for further review. If Scotland requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Scotland.

---

[2] The district court did not have the benefit of our decisions in *Rogers* and *Singletary* when it sentenced Scotland.

[3] Because the sentence was not properly imposed, we do not address at this juncture any other potential issues related to Scotland's sentence. *See Singletary*, 984 F.3d at 346-47 (declining to consider additional challenges to original sentence).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*